IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>Mayslake Village - Plainfield Campus, Inc., an Illinois not-for-profit corporation,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-43338<br><br>Honorable John H. Squires |

**INTERIM ORDER AUTHORIZING DEBTOR TO USE PRE-PETITION COLLATERAL, INCLUDING CASH COLLATERAL, AND GRANTING ADEQUATE PROTECTION PURSUANT TO SECTIONS 361, 362 AND 363**

Upon the motion (the "Motion"), of Mayslake Village – Plainfield Campus, Inc. (the "Debtor"), pursuant to sections 361, 362 and 363 of the Bankruptcy Code, for the entry of an order authorizing the Debtor to use cash collateral of Bank of America, N.A. ("Lender") and providing adequate protection to Lender; the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record; and after due deliberation; and good and sufficient cause appearing, it is hereby:

FOUND, DETERMINED, ORDERED AND ADJUDGED, that:

1. *Jurisdiction.* This Court has core jurisdiction over this bankruptcy case, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. *Objections.* All objections to the entry of this Interim Order, if any, are resolved hereby or, to the extent not resolved, are overruled.

3. *Use of Pre-petition Collateral.* Pursuant to sections 361, 362 and 363 of the Bankruptcy Code, the Debtor is hereby authorized to use Lender's cash collateral, including, but

not limited to, that cash collateral relating to the rents collected at Cedarlake Village and any other collateral in which Lender has an interest to pay operating expenses of Cedarlake Village, as specifically described in the Budget attached hereto as Exhibit 1 (the "Interim Budget"). The Debtor is authorized to spend the amount set forth in the Interim Budget (the "Budget Amount") over the entire period between November 16, 2009 and December 21, 2009 (the "Interim Budget Period") and is not limited to the day-to-day schedule set out in the Interim Budget.

4.    *Increases in the Budget Amount due to increased occupancy.*  If during the Interim Budget Period, Cedarlake Village increases its occupancy, the Debtor is authorized to increase the Expenses set forth in the Interim Budget to reflect the increased costs. The Debtor is similarly authorized to increase the total Budget Amount to reflect the increased Expenses. Nevertheless, the cumulative increase to any single Expense and/or the Budget Amount shall not exceed 10% during the Interim Budget Period.

5.    *Permitted Uses and Variances.*  The Debtor may use Lender's cash collateral for the Expenses set forth in the Interim Budget and, with the Lender's approval, for any additional expense incurred in the ordinary course of business. The Debtor shall not use Lender's cash collateral for any purpose outside the ordinary course of business. Given the variability of certain Expenses, including utilities and food prices, the Debtor is authorized to increase or diminish any budgeted Expense by up to 5% during the Interim Budget Period.

6.    *Lender's Inspection.*  Lender shall have the right, during normal business hours Monday through Friday and upon reasonable written notice to the Debtor's counsel, to inspect the facilities at Cedarlake Village, as well as the Debtor's books and records.

7. *Insurance.* The Debtor shall insure Cedarlake Village, and upon Lender's written request, shall provide proof of such insurance to Lender.

8. *Termination of Use of Cash Collateral.* Notwithstanding anything to the contrary contained herein, the Debtor's right to use the Cash Collateral shall expire on the earliest to occur of (the first such occurrence being hereinafter referred to as the "Termination Event"): (a) the final date contained in the Budget attached as Exhibit 1 to the Interim Cash Collateral Order; (b) the entry by this Court of an order vacating the terms of an Interim Cash Collateral order; (c) the conversion of the Debtor's bankruptcy case to a case under chapter 7 of the Bankruptcy Code; and (d) the occurrence of the effective date or consummation of a plan of reorganization. On and after the Termination Event, the Debtor shall immediately cease using any of the Cash Collateral; provided however, that the Debtor reserves the right to seek Court authorization to continue to use such Cash Collateral, and Lender reserves the right to oppose such relief.

9. *Budget.* The Interim Budget is hereby approved, including the allowed variances set out in this Interim Order. The Debtor and Lender may mutually agree to amend the Interim Budget at any time without further Court order.

10. *Effectiveness.* This Interim Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution.

11. *Notice.* On or before five (5) business days following the entry of this Interim Order, the Debtor shall serve a copy of this Interim Order by first-class mail upon: (a) the United States Trustee; (b) Lender's counsel; (c) the Debtor's twenty (20) largest unsecured creditors; and (d) any party who filed a request for notices in this chapter 11 case pursuant to Bankruptcy Rule 2002 prior to the date of service of the Interim Cash Collateral Order.

12. *Binding Effect and Reservation of Rights.* This Interim Order shall be binding upon and inure to the benefit of Lender and the Debtor, *nunc pro tunc*, as of the Petition Date. This Interim Order is without prejudice to the rights of Lender to receive any pre-petition or post-petition payments due Lender or to seek modification of the terms hereof at any time upon reasonable notice to all parties in interest. This Interim Order shall in no way prejudice Lender's rights, including, but not limited to, Lender's right to at any time seek relief from the automatic stay on any legal or equitable grounds (including the absence of adequate protection) and, in the event of any default by the Debtor pursuant to this Interim Order, to seek an order prohibiting the Debtor from using the rents or vacating, modifying or terminating this Interim Order.

13. *Final Hearing.* The hearing to approve the Debtor's use of the Prepetition Collateral, including Cash Collateral, on a final basis shall be 12/22/9 at 10:00 a.m. Any objections to the Debtor's use of the Pre-petition Collateral, including Cash Collateral, on a final basis or the entry of the Final Cash Collateral Order must be filed on or before 12/15/9 at 4:00 p.m.

Dated: **NOV 23 2009**

_____
United States Bankruptcy Judge

Prepared by:
Daniel A. Zazove, ARDC No. 3104117
Kathleen A. Stetsko
KStetsko@perkinscoie.com
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
312.324.8400

09-43338:4.1:Motion to Use Cash Collateral:Proposed Order Entered: 11/16/2009 4:11:15 PM by:Daniel Zazove Page 5 of 6

# EXHIBIT 1

**Cedarlake Village**
**5 Week Cash Flow Budget**

| Week Beginning: | 11/16/2009 | 11/23/2009 | 11/30/2009 | 12/7/2009 | 12/14/2009 |
|---|---|---|---|---|---|
| Beginning Cash Balance | 201,731 | 207,824 | 166,719 | 166,719 | 143,407 |
| | | | | | |
| Projected Income | 49,814 | - | - | 28,659 | 100,163 |
| | | | | | |
| **Expense:** | | | | | |
| 62040 · Professional Fees | - | - | - | - | - |
| 62100 · Advertising/Marketing | 20,000 | - | - | 20,000 | - |
| 63100 · Office Salaries | - | 125 | - | 125 | - |
| 63110 · Office Expenses | - | 5,500 | - | 2,750 | - |
| 63400 · Legal Expenses | - | - | - | - | - |
| 63500 · Auditing Expenses | - | - | - | - | - |
| 63510 · Bookkeeping/ Acctg Service | 950 | - | - | 850 | - |
| 64500 · Electricity | - | 8,370 | - | - | 8,370 |
| 64510 · Water | - | 4,710 | - | - | 4,710 |
| 64520 · Gas | - | 3,500 | - | - | 3,500 |
| 64540 · Licenses & Permits | - | - | - | - | - |
| 65150 · Supplies (Repair & Maint) | - | 750 | - | - | 750 |
| 65175 · Repair & Maintenance | - | 10,500 | - | - | 10,500 |
| 65176 · Outside Cleaning Service | 1,300 | - | - | 1,300 | - |
| 65250 · Garbage & Trash Removal | 175 | - | - | 175 | - |
| 65300 · Security Contract | 3,662 | 4,250 | - | 8,500 | - |
| 67200 · Property & Liab. Ins | 6,000 | - | - | 6,000 | - |
| 68200 · Interest Expense | 6,135 | - | - | 6,770 | - |
| 69700 · Activities Salaries | - | 850 | - | - | 850 |
| 69750 · Misc Activities Expenses | - | 350 | - | - | 350 |
| 69910 · Food Service Costs | 4,500 | - | - | 4,500 | - |
| 69915 · Food Service Salaries | - | 2,200 | - | - | 2,200 |
| 69925 · Transportation Expense | 1,000 | - | - | 1,000 | - |
| **Total Expense** | 43,722 | 41,105 | - | 51,970 | 31,230 |
| | | | | | |
| Net Cash Flow | 6,092 | (41,105) | - | (23,311) | 68,933 |
| | | | | | |
| Ending Cash Balance | 207,824 | 166,719 | 166,719 | 143,407 | 212,340 |