# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re | Case No. 09-43338 |
| MAYSLAKE VILLAGE – PLAINFIELD CAMPUS, INC., an Illinois not-for-profit corporation, | Chapter 11 |
| | Hon. John H. Squires |
| Debtor. | Hearing Date:   December 16, 2010 |
| | Hearing Time:   9:30 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Thursday, December 16, 2010, at 9:30 a.m.**, we shall appear before Judge John H. Squires in Courtroom 680, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead, and shall present **Motion of Bank of America, N.A., as Successor By Merger to LaSalle Bank National Association, to Modify Final Cash Collateral Order to Require Debtor to Tender to the Bank Excess Postpetition Rents**, a copy of which is attached hereto and herewith served upon you, at which time and place you may appear if you so see fit.

Dated: December 13, 2010

                Respectfully submitted,

                /s/    Kimberly J. Robinson
                William J. Barrett
                Kimberly J. Robinson
                Barack Ferrazzano Kirschbaum & Nagelberg LLP
                200 W. Madison Street, Suite 3900
                Chicago, IL 60606
                (312) 984-3100
                (312) 984-3150 (fax)

                Attorneys for Bank of America, N.A.

## CERTIFICATE OF SERVICE

  I, Kimberly J. Robinson, an attorney, hereby certify that a true and correct copy of the foregoing **Notice of Motion** and **Motion of Bank of America, N.A., as Successor By Merger to LaSalle Bank National Association, to Modify Final Cash Collateral Order to Require Debtor to Tender to the Bank Excess Postpetition Rents,** was duly served on all parties receiving electronic notification in these cases from the Court's ECF system as well as being served on the following party(ies) in the method as indicated below, before 4:00 p.m. (CST) on the 13th day of December, 2010.

Daniel A. Zazove
Kathleen A. Stetsko
Perkins Coie LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603-5559, Suite 4800
*Via Facsimile: 312.324.9400*

William T Neary
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
*Via Facsimile: 312.886.5794*

Steven B. Towbin
Shaw Gussis
321 N. Clark St., Suite 800
Chicago, IL 60654
*Via Facsimile: 312.275.0569*

Judy B. Calton
Honigman Miller Schwartz and Cohn LLP
660 Woodward Ave., Suite 2290
Detroit, MI 48226
*Via Facsimile: 313.465.7345*

       /s/ Kimberly J. Robinson
        Kimberly J. Robinson

# Mailing Information for Case 09-43338

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- Janice A Alwin    janice@oakpointpartners.com, jake@oakpointpartners.com
- William J. Barrett    william.barrett@bfkn.com
- Judy B Calton    jcalton@honigman.com
- William T Neary    USTPRegion11.ES.ECF@usdoj.gov
- Kimberly J Robinson    kim.robinson@bfkn.com
- Kathleen A Stetsko    kstetsko@perkinscoie.com, docketchi@perkinscoie.com
- Steven B Towbin    stowbin@shawgussis.com
- Daniel A Zazove    docketchi@perkinscoie.com

671894_1.DOC

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 09-43338 |
| | ) | |
| MAYSLAKE VILLAGE – PLAINFIELD CAMPUS, INC., an Illinois not-for-profit corporation, | ) ) ) | Chapter 11 |
| | ) | Hon. John H. Squires |
| | ) | |
| Debtor. | ) ) ) | Hearing Date:  December 16, 2010<br>Hearing Time:  9:30 a.m. |

### MOTION OF BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, TO MODIFY FINAL CASH COLLATERAL ORDER TO REQUIRE DEBTOR TO TENDER TO THE BANK EXCESS POSTPETITION RENTS

Bank of America, N.A., as successor by merger to LaSalle Bank National Association (the "Lender"), hereby moves the Court to modify the final cash collateral order dated December 22, 2009 ("CC Order", Dkt. # 48) to require Debtor to tender to the Lender certain excess postpetition rents.  In support therefor, the Lender states:

**A.     Introduction and Summary**

1.     Lender brings this action to modify the CC Order so that it may obtain immediate possession of a portion of its collateral – namely over $325,000 in excess postpetition rents which Debtor has been amassing during the course of this Bankruptcy Case, and is now retaining without the need or authority to spend.  This Court recently denied confirmation to Debtor's proposed plan of reorganization and lifted the automatic stay to permit Lender to continue its foreclosure action against Debtor's only significant asset.  The Court specifically found that there is no possibility of a successful reorganization.  Memorandum Opinion dated December 7,

2010, Dkt. # 179 (the "Opinion"), at p. 23. Since Debtor does not have the ability to reorganize, and is unable in any event to adequately protect Lender for its continued retention of Lender's collateral, it is proper to modify the CC Order to require Debtor to convey the excess postpetition rents to Lender to apply to its debt.

**B.     Jurisdiction and Venue**

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334(b) in that this matter arises in a case under title 11 of the United States Code. Venue is proper in this Court pursuant to 28 U.S.C. 1409. This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(K)(M) and (O).

**C.     Facts**

3.     Mayslake Village – Plainfield Campus, Inc., an Illinois not-for-profit corporation (the "Debtor"), owns a senior housing facility known as Cedarlake Village (the "Property").

4.     Prior to the Debtor's bankruptcy filing, Lender had loaned over $27 million to the Debtor. The Debtor now owes Lender over $30 million. Opinion at p. 2.

5.     On November 16, 2009, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case"). Opinion at p. 3.

6.     Through interim orders and the CC Order, this Court authorized the Debtor to use Lender's cash collateral, including postpetition rents, to pay operating expenses of the Property, pursuant to a budget. The CC Order did not specifically provide what should happen to the postpetition rents in excess of the budgeted operating expenses (this excess amount being referred to hereafter as "Postpetition Rents"). In practice, the Debtor retained possession and

control of the Postpetition Rents. As adequate protection, the Lender was granted a perfected replacement lien in, among other assets, all postpetition rents. CC Order at pp. 3-4, ¶7. The CC Order specifically provides that it was entered without prejudice to Lender's right to seek modification of its terms. CC Order at p. 7, ¶18.

7. The Debtor has managed the Property during the pendency of the Bankruptcy Case. Since the beginning of the case, it had amassed, as of August 31, 2010, $322,714.25 in Postpetition Rents, which are subject to Lender's adequate protection lien. Opinion at p. 3.

8. On February 16, 2010, the Debtor filed its Plan of Reorganization (the "Plan") and related Disclosure Statement in the Bankruptcy Case. On April 5, 2010, the Debtor filed an Amended Disclosure Statement, Dkt. # 74.

9. In the Amended Disclosure Statement, Debtor stated, "[Lender]'s 2008 appraisal of the Property showed a then-current market value for the Property of $17,500,000, and the Debtor believes that the market value has continued to erode over the last two years. As a result, the Loan is currently undersecured." Amended Disclosure Statement at p. 10.

10. On June 25, 2010, the Lender filed its Objection to Confirmation of Debtor's Plan of Reorganization (the "Plan Objection", Dkt. # 95).

11. On July 12, 2010, the Lender filed its Motion for Relief from the Automatic Stay (the "Stay Relief Motion", Dkt. # 100).

12. On October 4-5, 2010, the Court held a hearing on the confirmation of the Plan and the related Plan Objection as well as the Stay Relief Motion. At the hearing, the uncontested evidence was that the Property was worth $13.4 million, assuming it continued to operate as a not-for-profit entity. Opinion at p. 4.

13. On December 7, 2010, the Court entered its Opinion and separate Order denying confirmation to the Plan and lifting the automatic stay as to the Property (Dkt. # 180). The Court specifically found that there is no possibility of a successful reorganization. Opinion at p. 23.

**D.    The Lender Should be Awarded the Postpetition Rents.**

14. Before this Court adjudicated that Debtor could not be reorganized, and lifted the stay, there was perhaps some justification to permit Debtor to retain possession of the Postpetition Rents. Until then, it was uncertain where the Bankruptcy Case was headed. Conceivably, the Postpetition Rents could have been used in some way to fund a confirmable plan, and the prospect of a confirmable plan offered hope that the Lender would be adequately protected for the use of its cash collateral. However, the Opinion denying confirmation and lifting the automatic stay undermined any possible justification for the Debtor to retain possession of the Postpetition Rents. Since the Debtor has no further appropriate need for these funds, and, in any event, no authority to use them, equity demands that the Lender be given these funds to apply to its debt, especially given the Property's decline in value during the fourteen month pendency of Bankruptcy Case, during which Lender was stayed from enforcing its state law remedies.

WHEREFORE, Lender moves the Court for entry of an order (1) modifying the CC Order to provide (a) that Debtor, no later than December 23, 2010, immediately tender to the Lender, for application to Debtor's debt, all postpetition rents in its possession in excess of amounts reasonably necessary to cover projected expenditures in the cash collateral budget through December 31, 2010; and (b) that, by no later than the first day of each succeeding month, beginning February 1, 2011, Debtor shall tender to Lender, for application to Debtor's

debt, all postpetition rents in its possession, net of that month's budgeted expenses; and (2) granting Lender such further relief as the Court deems appropriate.

        BANK OF AMERICA, N.A., as successor by merger to LaSalle Bank National Association

        By /s/ *Kimberly J. Robinson*

        William J. Barrett
        Kimberly J. Robinson
        Barack Ferrazzano Kirschbaum & Nagelberg LLP
        200 W. Madison, Suite 3900
        Chicago, IL  60606
        Phone: 312-984-3100
        Facsimile: 312-984-3150
        William.barrett@bfkn.com
        Kim.robinson@bfkn.com

        Its Attorneys